**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| Valuation of Security | Assumption of Executory Contract or Unexpired Lease | Lien Avoidance |
|---|---|---|

Last revised: **September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

    Daryl S. Martin

                Debtor(s)

Case No.: _____18-34619_____

Judge: _____KCF_____

## Chapter 13 Plan and Motions

☐ Original        ☒ Modified/Notice Required        Date: _12/17/2018_____

☐ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ____RG____    Initial Debtor: _____DM_____    Initial Co-Debtor: _____

## Part 1:    Payment and Length of Plan

a. The debtor shall pay $ _____2949.54_____ per _____Month_____ to the Chapter 13 Trustee, starting on
_____January 2, 2019_____ for approximately _____60_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☒ Sale of real property

Description: Short Sale of Vacant Lot Located at 561 Georges Road, Dayton, NJ 08810

Proposed date for completion: _____June 30, 2019_____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:

Description: Bank of America HELOC 2nd Mortgages for 7 Sarah Court and 73 Deans Lane
Proposed date for completion: _____May 30, 2019_____

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

1)ABS REO Trust Claim of $55,654.58 shall be addressed if Short Sale of vacant lot located at 561 Georges Road, Dayton, NJ is NOT APPROVED- Then a new amended plan shall be filed either pre-petition or post petition to address this claim. Debtor shall then also move to modify arrears on same should short sale not be approved.

2) Debtor shall object to Proof of Claim filed by Seterus for 555 Georges Road, Dayton, NJ filed on 02/21/2019. Seterus is no longer in business and has been acquired by Mr. Cooper. Review of Proof of Claim shows Debtor has made all payments on time after loan was modified on 2017. Seterus escrow analysis is questionable as it is not explained how a $4,311. 38 arrearage exists when debtor has paid all payments on time and escrow was re-set when loan was modified in 2017. Objection to be filed by 05/01/2019

3) Debtor shall object to Proof of Claim filed by Bank of America for 7 Sarah Court, Monmouth Junction. Upon review of proof of claim, it is not determined that Debtor actually drew down the entire amount of $224,000 from this Home Equity Line of Credit and proof of same is required. Objection to Claim to be filed by 05/01/2019

4) Debtor shall object to Proof of Claim filed by Bank of America for 73 Deans Lane, Monmouth Junction, NJ. Upon review of proof of claim it is not deterined that Debtor actually drew down entire amount of $250,000 from his home equity line of credit and proof of same is required. Objection to Claim to be filed by 05/01/2019.
5) Trustee payment in the amount of $2949.54 shall remain until determinantion of proof of claim objections through 06/01/2019.

## Part 2:    Adequate Protection ☐ NONE

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:    Priority Claims (Including Administrative Expenses)

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 0.00 |
| DOMESTIC SUPPORT OBLIGATION | N/A | |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a.  Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bank of America | 7 Sarah Court Primary Residence | $41,183.24 | 0.00 | $41,183.24 ***Subject to Objection to Proof of Claim | $2,001.80 |

### b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bank of America JP MorganChase | 73 Deans Lane Leased Property | $82,942.87 $ 1,691.61 | 0.00 | $74,008.70- Debtor shall object to POC Debtor shall pay $1,691.61 directly to lender. | $2,280.00 $2,408.09 |
| Seterus/ Mr. Cooper | 555 Georges Road | $4,311.38 | 0.00 | $0.00 Debtor shall object to arrearage claim | $2,753.37 |
| Bank of America/ABS REO | 561 Georges Road | $55,564.58 | 0.00 | 0.00 unless Short Sale is rejected0 then Debtor to pay claim in full | N/a at this time |

### c.  Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|----------|-----------|----------------|------------------------|----------------|------------------------------------------|---------------------|-------------------------|
|          |           |                |                        |                |                                          |                     |                         |

2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|----------|------------------------------|--------------------------------|--------------------------|
|          |                              |                                |                          |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

1) Chase Home Loans First Mortgage on 7 Sarah Court, Monmouth Junction, NJ 08852

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|----------|-----------|------------------------------------------|
|          |           |                                          |

---

**Part 5:    Unsecured Claims** ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

✖ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|----------|-----------------------------------|-----------|-------------------|
|          |                                   |           |                   |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|----------|-----------|----------------|------------------------|----------------|---------------------------------------------|------------------------------------------|
|          |           |                |                        |                |                                             |                                          |

**c.  Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.  ☒ NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|----------|-----------|----------------|------------------------|------------------------------|-----------------------------------------|
|          |           |                |                        |                              |                                         |

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒  Upon confirmation

☐  Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Administrative Claim

3) Secured Claims

4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

**Part 9:    Modification ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 04/23/2019                          .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Plan is being modified to treat arrearage claims by Bank of America, Seter, Mr. Cooper and JP Morgan Chase as well as provide basis of objection to those claims. | Plan adds Bank of America, Seterus/Mr. Cooper and JP Morgan Chase to part 4B. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐    Yes    ☒    No

---

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 04/23/2019 _____    /s/ Daryl S. Martin _____
Debtor

Date: _____    _____
Joint Debtor

Date: 04/23/2019 _____    /s/ Ronaldo C. George, Esq. _____
Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 18-34619-KCF
Daryl S. Martin                                                           Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin             Page 1 of 2        Date Rcvd: Apr 24, 2019
                              Form ID: pdf901         Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 26, 2019.
db          +Daryl S. Martin,    7 Sarah Court,   Monmouth Junction, NJ 08852-3070
517923947   ++BANK OF AMERICA,    PO BOX 982238,   EL PASO TX 79998-2238
             (address filed with court: Bank of America,    PO Box 982235,   El Paso, TX  79998-2235)
517997004   +BANK OF AMERICA, N.A.,    PO Box 31785,   Tampa, FL 33631-3785
517923948    Bank of America Home Mortgage,    PO Box 31785,   Tampa, FL  33631-3785
517923949    Chase Mortgage,    PO Box 24696,   Columbus, OH  43224-0696
517924178    Debra Martin,    7 Sarah Ct,   Monmouth Junction, NJ 08852-3070
517924176    Emanuel Rago,    73 Deans Ln,   Monmouth Junction, NJ 08852-2424
518041503   +Federal National Mortgage Association,    c/o Seterus, Inc.,    PO Box 1047,
             Hartford, CT 06143-1047
517923951    Frenkel, Lambert, Weiss, Weissman& Gordo,    80 Main St Ste 460,    West Orange, NJ  07052-5414
518025852   +JPMorgan Chase Bank, National Association,    Chase Records Center, Attn: Corres. Mail,
             Mail Code LA4-5555,    700 Kansas Lane,   Monroe, LA 71203-4774
517923952   #McCalla Raymer Liebert Pierce,    99 Wood Ave S Ste 803,   Iselin, NJ  08830-2713
517923953    Milstead & Associates,    1 E Stow Rd,   Marlton, NJ 08053-3118
517924177    Walter Lapt,    555 Georges Rd,   Dayton, NJ 08810-1407

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: usanj.njbankr@usdoj.gov Apr 25 2019 00:09:23    U.S. Attorney,   970 Broad St.,
             Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 25 2019 00:09:19     United States Trustee,
             Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,    Suite 2100,
             Newark, NJ 07102-5235
518043900    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 25 2019 00:27:33
             Portfolio Recovery Associates, LLC,    C/O Capital One Bank (usa), N.a.,    POB 41067,
             Norfolk VA 23541
                                                                               TOTAL: 3

        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
518005762*    Bank of America, N.A.,    PO BOX 31785,   Tampa, FL 33631-3785
517923950   ##+Fein Such Kahn & Shepard,    7 Century Dr,   Parsippany, NJ 07054-4673
517923954   ##Seterus,    PO Box 2008,   Grand Rapids, MI  49501-2008
                                                                      TOTALS: 0, * 1, ## 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 26, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 23, 2019 at the address(es) listed below:
        Albert Russo    docs@russotrustee.com
        Andrew M. Lubin   on behalf of Creditor   BANK OF AMERICA, N.A. bkecf@milsteadlaw.com,
        alubin@milsteadlaw.com

```
District/off: 0312-3          User: admin              Page 2 of 2            Date Rcvd: Apr 24, 2019
                              Form ID: pdf901          Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
```
          Andrew M. Lubin    on behalf of Creditor    Seterus, Inc. as the authorized subservicer for Federal
                National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. bkecf@milsteadlaw.com,
                alubin@milsteadlaw.com
          Denise E. Carlon    on behalf of Creditor    ABS REO Trust VI dcarlon@kmllawgroup.com,
                bkgroup@kmllawgroup.com
          Dennis Andrew Amore   on behalf of Creditor    BANK OF AMERICA, N.A. damore@flwlaw.com
          Douglas J. McDonough   on behalf of Creditor    ABS REO Trust VI DMcDonough@flwlaw.com
          Jill  Manzo   on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
                bankruptcy@feinsuch.com
          Kevin Gordon McDonald    on behalf of Creditor    ABS REO Trust VI kmcdonald@kmllawgroup.com,
                bkgroup@kmllawgroup.com
          Melissa N. Licker   on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
                NJ_ECF_Notices@mccalla.com
          R. A. Lebron    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
                bankruptcy@feinsuch.com
          Ronaldo C George    on behalf of Debtor Daryl S. Martin rgeorgesq@rcglaw.com,  rgeorgesq@gmail.com
          Sean M. O'Brien   on behalf of Creditor    BANK OF AMERICA, N.A. DMcDonough@flwlaw.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                          TOTAL: 13
```